O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE OF THE HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST SERIES IN ABS 2007-B, HOME EQUITY MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES IN ABS 2007-B UNDER THE POOLING AND SERVICING AGREEMENT DATED JUNE 1, 2007,<br><br>         Plaintiffs,<br><br>    v.<br><br>ELMER ALVARO, DANIEL PEREZ, PAOLA VALVERDE, MARIO RIVA, GRISELDA NAVA,<br><br>         Defendants. | Case No. CV 12-08028 DDP (Ex)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Dkt. 4] |

    Presently before the court is Plaintiff's Motion to Remand. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

    On August 2, 2012, Plaintiff filed a complaint for unlawful detainer against Defendants in the Superior Court of California. The Complaint seeks possession of property located at 2118 Crenshaw

Boulevard, Los Angeles, California, and damages of $83.00 per day. Defendants removed to this court on September 18, 2012.  Plaintiff now seeks to remand the matter to state court.

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.  The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal.  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). A removing defendant always bears the burden of establishing that removal is proper.  <u>Id.</u>

No federal question appears from the face of the complaint. Nevertheless, Defendants assert that this case implicates a federal question because they have a defense under the United States Constitution.  (Opp. at 3.)  "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law."  <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 60 (2009) (quotation, citation, and alteration omitted). "Federal law" cannot be predicated on a defense or counterclaim. <u>Id.</u>

This court also has original diversity jurisdiction over actions between different states where the amount in controversy exceeds $75,000.  28 U.S.C. 1332(a).  Plaintiff asserts that the parties are not diverse as both are residents of California.  (Mot.

at 2.)  Defendants do not dispute this. In addition, the amount in controversy requirement is not met here.  First, the face of Plaintiff's complaint alleges on its face an amount in controversy less than $10,000.  Under such circumstances, Defendants must show to a "legal certainty" that the jurisdictional minimum is met. Guglielmino v. McKee Foods Corp., 5056 F.3d 696, 699 (9th Cir. 2007).  Defendants have not made such a showing.  In unlawful detainer cases, however, only the right to possession is at issue, not right to title.  See Litton Loan Servicing, L.P. v. Villegas, No. C 10-05478 PJH, 2011 WL 204322 at *2 (N.D. Cal. January 21, 2011).  The measure of damages, therefore, is the amount sought in the complaint, not the value of the property.  Bank of America v. Chishty, No. CV 12-02252 MMM, 2012 WL 1952834 at *2 (C.D. Cal. May 31, 2012).  Because the amount in controversy here does not exceed $75,000, diversity jurisdiction is lacking, and removal is, therefore, improper.

    For the reasons stated above, Plaintiff's Motion to Remand is GRANTED.

IT IS SO ORDERED.

Dated: October 15, 2012

DEAN D. PREGERSON
United States District Judge

3